# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TORANTE GENE HANKINS,

    Petitioner,        Case Number: 07-cv-13744
                  Honorable Paul D. Borman

v.

JERI-ANN SHERRY,

    Respondent.
_____/

## OPINION AND ORDER HOLDING PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

**I.**

Before the Court is Petitioner Torante Gene Hankins' motion asking this Court to hold his petition for writ of habeas corpus in abeyance until he has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. Petitioner, acting in *pro per*, filed his petition for a writ of habeas corpus on September 6, 2007. He is currently incarcerated at the Straits Correctional Facility in Kincheloe, Michigan, pursuant to convictions for (1) first-degree premeditated murder, MICH. COMP. LAWS 750.316(1)(a), (2) assault with intent to commit murder, MICH. COMP. LAWS 750.83, and (3) possession of a firearm during the commission of a felony, MICH. COMP. LAWS 750.227b.

In his motion, Petitioner contends that he has failed to exhaust his state court remedies with respect to some issues involving the following claims: (1) the tainted suggestive identification procedure process utilized; (2) his actual innocence; (3) the deprivation of his alibi defense; (4) a double jeopardy claim; (5) ineffective assistance of trial and appellate counsel; and (6) prosecutorial

misconduct. Because Petitioner failed to exhaust his state court remedies regarding those claims, the Court shall hold the petition in abeyance so that Petitioner may return to state court to exhaust those claims.

**II.**

Following a trial with a jury in Wayne County Circuit Court, Petitioner was convicted of the above-stated crimes and was sentenced by the trial court to life imprisonment without parole for the murder conviction, fifteen to twenty-five years imprisonment for the assault conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner, through appointed counsel, filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

> I.  The trial court improperly admitted evidence regarding Investigator Barbara Simon's testimony about Dawn Janney's statements to her regarding the identification of Petitioner.
>
> II. The trial court abused its discretion in permitting the prosecutor to question Petitioner about his prior possession of a rifle because it was improper character evidence.
>
> III. There was insufficient evidence to sustain Petitioner's first-degree premeditated murder conviction.

On February 13, 2007, the Michigan Court of Appeals, in an unpublished *per curiam* opinion affirmed Petitioner's conviction and sentence. *People v. Hankins*, No. 266365, 2007 WL 466350 (Mich. Ct. App. Feb. 13, 2007).

Subsequently, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Hankins*, 478 Mich. 930 (2007). Petitioner has not filed any state court motions.

Presently, Petitioner has filed what appears to be a pending petition for a writ of habeas

corpus, along with this motion, requesting that the Court stay the petition so that he can return to state court to exhaust the above-stated claims.

**III.**

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claim. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim.

3

Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to hold further proceedings on a habeas corpus petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002); *see also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted

4

claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state courts will have an opportunity to decide whether those claims have merit. It appears that his proposed additional claims have not been exhausted in the state courts. The Court recognizes that the one-year limitations period applicable to this habeas action does not pose a problem for Petitioner if this Court were to dismiss the petition to allow for further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1). Nevertheless, the Court finds that Petitioner would be better served if he perfected his petition through all avenues before seeking this Court's assistance, and thus finds a stay appropriate.

Additionally, the claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Further, Petitioner will assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

Thus, the Court shall hold the petition in abeyance until Petitioner has exhausted available state court remedies. *See Palmer*, 276 F.3d at 781. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *Id*. Petitioner must present his claim in state court within sixty (60) days from the date of this Order. *Id*. Further, he must ask this Court to lift the stay within sixty (60)days of exhausting his state court remedies. *Id*. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."

5

*Palmer*, 276 F.3d at 781 (internal quotation omitted).

## IV.

Accordingly, the Court hereby;

(1) **ORDERS** that further proceedings in this case are held in abeyance pending exhaustion of state court remedies. The case shall be held in abeyance provided that (i) Petitioner presents his unexhausted claims to the state court within sixty (60) days from the date of this order, and (ii) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies; and

(2) **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only and to avoid administrative difficulties. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 2, 2007.

s/Denise Goodine  
Case Manager