UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORANTE HANKINS,

        Petitioner,                      CASE NO. 2:07-cv-13744

v.                                      JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND ALSO DENYING MOTIONS FOR DISCOVERY, TO AMEND STATEMENT, AND FOR SUMMARY JUDGMENT AS MOOT

**I.    INTRODUCTION**

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Torante Hankins filed this *pro se* Habeas Petition on September 6, 2007, challenging his 2005 jury convictions for first-degree murder, assault with intent to commit murder, and felony firearm, which occurred in Wayne County, Michigan, Circuit Court. Petitioner was sentenced to life in prison for the murder conviction, fifteen to twenty-five years in prison for the assault conviction, and the mandatory two-year prison term for the felony-firearm conviction. At the time Petitioner filed his Habeas Petition, he also filed a Motion for Stay, because some of his claims were unexhausted. The Court granted his Motion and the Petition was held in abeyance on November 2, 2007, so that Petitioner could return to state court to exhaust his claims.

After Petitioner's claims were exhausted, he motioned the Court to reopen his habeas proceedings. The Court reopened the case on December 27, 2010. Respondent filed his Answer and the Rule 5 materials on June 27, 2011. Petitioner then filed several Motions: Motion for Discovery, Motion to Amend Statement, and Motion for Summary Judgment.

Pending before the Court is Respondent's "Suggestion of Death," filed on November 23, 2011, in which he informs the Court of Petitioner's death, which occurred on November 21, 2011. Respondent also argues that the Habeas Petition now should be dismissed because it has been rendered moot by virtue of Petitioner's untimely death.

For the reasons set forth below, the Court dismisses the Habeas Petition as moot. Given that decision, Petitioner's Motions for Discovery, to Amend Statement, and for Summary Judgement also are denied as moot.

## II.   DISCUSSION

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). An incarcerated habeas petitioner's challenge to the validity of his or her conviction satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury which can be redressed by the invalidation of the conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole–some "collateral consequence" of the conviction–must exist if the suit is to be maintained" in federal court and not considered moot. *Id.* (citations omitted). "[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986) (citations omitted).

The death of an inmate during the pendency of his habeas petition in federal court renders the habeas action moot and deprives the federal court of jurisdiction over the case. *See Hailey v.*

2

*Russell*, 394 U.S. 915 (1969); *Beach v. Humphries*, 914 F.2d 1494 (Table), No. 1990 WL 140574 (6th Cir. Sept. 21, 1990).

Accordingly, the Court concludes that Petitioner's habeas claims have been rendered moot by his death on November 21, 2011, and dismisses the Habeas Petition as moot.

The Court also denies a Certificate of Appealability. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. Fed.R.App.P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). The Court will deny a COA because Petitioner's request for habeas relief is now moot.

### III.  CONCLUSION

For the reasons set forth above, IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [dkt. # 1] is DISMISSED as moot.

IT IS FURTHER ORDERED that a COA is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Discovery" [dkt. # 38], "Motion to Amend Statement" [dkt. # 39], and "Motion for Summary Judgment" [dkt. # 40] also are DENIED as moot.

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DATED: 11-30-11